UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESHTINEE EBIYA, a minor, by and through her Guardian Ad Litem FLORISA GARCIA,<br><br>Plaintiff(s),<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant(s). | Case No. 2:15-CV-1923 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Safeco Insurance Company of Illinois' motion to dismiss (ECF No. 4). Plaintiff Deshtinee Ebiya, by and through her guardien *ad litem* Florisa Garcia, filed an opposition (ECF No. 9).[1] Defendant filed a reply (ECF No. 11).

**I.    Background**

On November 14, 2013, plaintiff was injured as a passenger in a 2002 Toyota Celica that was involved in a car accident. The driver of the car was the plaintiff's brother, Nathan Terrence Pascual Ebiya ("Nathan"). Defendant, Safeco Insurance Company of Illinois, paid its $500,000 liability under the Automobile policy, but it denied coverage under the Personal Umbrella Policy ("Umbrella Policy"), which had a $2 million personal liability limit. It is important to note that the insurance policy was in plaintiff's parents' name.

---

[1] In her opposition plaintiff requests leave to amend her complaint. Her request violates local rules. She failed to attach proof of service. She failed to make the request in a separate document and failed to attach a copy of the proposed amended complaint. Accordingly, the court will deny this request. *See* LR 5-1 (a), LR IC 2-2 (b), LR IC 7-1, and LR 7-2 (d).

**James C. Mahan**
**U.S. District Judge**

Defendant denied coverage under the Umbrella Policy because the policy provided only for personal liability coverage. Plaintiff, however, was not liable for the accident. Rather, she was an injured third party. Furthermore, plaintiff is precluded from coverage for her brother's liability by a family member exclusion provision. As a result, plaintiff filed a complaint seeking a declaration that she is entitled to coverage under the Umbrella Policy and that the family member exclusion provision is void or unenforceable.

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

**James C. Mahan**
**U.S. District Judge**

- 2 -

(internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-Iqbal pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

**III.   Discussion**

Plaintiff argues she is entitled to personal liability coverage under the Umbrella Policy because the policy defines "insured" as "any family member" who is using the vehicle, and plaintiff is a family member who was "using" the vehicle by being a passenger in it. Plaintiff further alleges that the provision that excludes family members from personal liability coverage is void because it was not executed in compliance with NRS 687B.147.[2] Additionally, plaintiff states the family member exclusion should be void because the Umbrella Policy is not in compliance with NRS 687B.440.

Defendant argues plaintiff is not entitled to coverage under the personal liability provision because the provision covers only the insured party who is "legally responsible" for the accident. Defendant points out that NRS 687B.147 does not apply to the Umbrella Policy because the policy is not a motor vehicle insurance contract that covers private passenger cars.  Defendant further points out that 687B.440 is not applicable because that statue is specific to uninsured/underinsured motor vehicle coverage ("UM/UMI"), which protects the insured only if the insured party is in an accident with an at-fault driver who does not carry liability insurance.

. . .

. . .

---

[2] Plaintiff does not dispute that the plain language of the provision, if valid, excludes her from her brother's coverage under her parents' policy.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### a. The terms of the personal liability coverage

The court agrees with the defendant that the terms of the Umbrella Policy explicitly state that the policy provides for personal liability coverage, not personal injury coverage. For example, the terms of the Umbrella Policy state, "[w]e will pay the ultimate net loss in excess of the retained limit that *the insured is legally responsible for* because of covered bodily injury, personal injury or property damage caused by an occurrence." As discussed above, the plaintiff was not legally responsible for the accident but was rather an injured third party. Therefore, the plaintiff is not entitled to coverage because she was not personally liable for the accident.

### b. Applicability of NRS 687B.147 to Umbrella Policies

The court agrees with the defendant that NRS 687B.147 does not apply to umbrella policies. NRS 687B.147 requires motor vehicle insurance policies covering "private passenger cars" to disclose exclusions to any named insured parties and to give the named insured an opportunity to reject the exclusion in writing. *See* NRS 687B.147. The Nevada Supreme Court interpreted the phrase, "a policy of insurance covering the use of a passenger car" to include all types of insurance that provide coverage for automobiles. *Delmue v. Allstate*, 113 Nev. 414, 939 P.2d 326 (1997). This interpretation included umbrella policies. However, the Nevada legislature subsequently amended the statute to specifically exclude umbrella policies from policies covering passenger cars. NRS 687B.145(5) now provides:

> An insurer need not offer, provide or make available uninsured or underinsured vehicle coverage in connection with a general commercial liability policy, an excess policy, an *umbrella policy* or other policy that does not provide primary motor vehicle insurance for liabilities arising out of the ownership, maintenance, operation or use of a specifically insured motor vehicle.

NRS 687B.145(5).

This court has interpreted this amendment to indicate the Nevada legislature intentionally removed umbrella policies from the definition of policies covering "passenger cars" as well as "private passenger cars." *State Farm Fire & Cas. Co. v. Repke*, Case No. 2:06-cv-0366-JCM (RJJ), 2007 WL 7121693, *4 (D.Nev. Feb. 27, 2007) ("*Repke I*")*, aff'd 301 Fed. Appx. 698 (D. Nev. 2008) ("*Repke II*"). Therefore, NRS 687B.147 does not apply to umbrella policies, and the family member exclusion provision is valid. *See Repke I* at 5 ("Because the legislature intentionally

James C. Mahan
U.S. District Judge

- 4 -

removed umbrella policies from the definition of 'a policy of insurance covering the use of a passenger car' in NRS 687B.145, the court concludes that the legislature would intend to exclude umbrella policies from the definition of 'a policy of motor vehicle insurance covering a private passenger car' in NRS 687B.147").

    *c. Applicability of NRS 687B.440*

The court also agrees with the defendant that whether the Umbrella Policy was in compliance with NRS 687B.440 has no bearing on the outcome of this case.

NRS 687B.440 provides that: "[a]n insurer offering an umbrella policy to an individual shall obtain a signed disclosure statement from the individual indicating whether the umbrella policy includes *uninsured or underinsured* vehicle coverage." The provision addresses the issue of uninsured or underinsured vehicle coverage, which the plaintiff admits is not at issue in this case. (ECF No. 9 at 5).

Furthermore, NRS 687B.180 provides that "[a] policy delivered or issued for delivery after January 1, 1972, to any person in this state in violation of this Code but otherwise binding on the insurer, shall be held valid, but shall be construed as provided in this Code."  Therefore, the fact that the policy may not be in compliance with NRS 687B.440, which regulates UM/UMI coverage only, has no effect on the validity of the family member exclusion provision pursuant to NRS 687B.180.

In conclusion, the text of the Umbrella Policy excludes coverage to family members. Furthermore, NRS 687B.147 is not applicable to umbrella policies and NRS 687B.400 specifically addresses UM/UMI coverage, which is not at issue of this case. Thus, the family member exclusion provision is valid and it precludes plaintiff's claims.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Safeco Insurance Company of Illinois motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED.

. . .

**James C. Mahan**
**U.S. District Judge**

1  The clerk shall enter judgement accordingly and close the case.

2  DATED June 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -